## BARTLETT-COLLINS CO. et al. v. ROACH et al.

No. 27797.    June 29, 1937.

Rehearing Denied Sept. 14, 1937.

Bohanon & Adams, for petitioners.

T. L. Blakemore and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On May 14, 1934, Mrs. Ethel Roach, who was an employee of Bartlett-Collins Company, sustained an accidental injury to her eye when some glass flew from a spindle grinder with which she was working. She notified Mr. Hampton, her immediate supervisor. that she had gotten a piece of glass in her eye, and he said that if she did not get it all out, for her to go and see Dr. Haas. Dr. Haas treated her eyes for about eight days and sent her back to work and told her to use an eye wash, which she did, and continued intermittently to treat the eye, and this process continued until on or about October 9, 1935, when she informed Mr. Hampton that her eye was not getting well. She went again to Dr. Haas and to Dr. White at Tulsa, and returned home and got a splinter of glass out of her eye. She went to Dr. Lampton, and he removed a piece of glass from her eye. Dr. Lampton sent her back to Dr. Haas, and she had been treated by Dr. Haas ever since Dr. Lampton removed the piece of glass, sometime after October 9, 1935, until the date of the hearing before the State Industrial Commission.

On December 9, 1935, she filed a claim with the State Industrial Commission alleging that she was injured on May 14, 1934, and after subsequent hearings the commission entered its order under date of the 16th of February, 1937, ordering her paid for a 25 per cent. disability to her eye.

The parties will be referred to as petitioner and respondent. Petitioner's first contention is that the claim was not filed within one year after the date of the injury, and that therefore respondent's claim is barred by the statute. Section 13367, O. S. 1931.

In Swift & Co. v. State Industrial Commission, 161 Okla. 132, 17 P. (2d) 435, an employee sustained a head injury in October of 1927. His claim was not filed until October 11, 1930. This court in sustaining an award said:

"Under the provisions of section 7284, C. O. S. 1921, a disease naturally resulting from an accidental injury arising out of and in the course of employment is a compensable injury, and the statute of limitations, provided in section 7301, C. O. S. 1921, would not begin to run until the disability arising from such disease becomes apparent."

In the body of the opinion it is said:

"It is the contention of the respondent that the accident and the resultant injury were not simultaneous; that the real injury was the disease, that is to say, the mental incapacity, and disease of the brain, which developed as a result of the accident, and which culminated about six months after the date of the accident; that the resulting disease was not foreseen. during the six months following the accident; and that the injury did not arise until the disease developed. Section 7284, C. O. S. 1921, under the head of definitions, at paragraph 7, provides:

" 'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom.

"There is some evidence in the record that the disability of the respondent was progressive after the date of the accident, but there is evidence which supports the finding of the commission that 'at the time of the accident and for a period of about six months thereafter it was apparently trivial; that during this period the claimant did not know nor could he have known that any real injury had resulted or would result from the accident; * * * that six months after the date of the accident claimant became mentally incompetent, and now is and has so been since said dates.'

"The petitioner had knowledge of the accident at the time it occurred. This court has held that the statute of limitations provided in said section 7301, C. O. S. 1921, is a limitation on the remedy and not upon the right itself. Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963; Pine v. State Industrial Commission, 148 Okla. 200, 298 P. 276.

"In the case of Travelers' Ins. Co. v. Ohler, 119 Neb. 121, 227 N. W. 449, 451, the Supreme Court of Nebraska said:

"'The court has recognized that the Workmen's Compensation Law was framed for the purpose of requiring industries to bear a part of the loss occasioned to workmen engaged therein, becoming disabled while employed in the industry, when such disability arises out of and in the course of employment. It has been the declared policy of this court not to deny its benefit by resorting to strained or technical construction, but to give to its provisions a liberal construction so as to effectuate its general purpose. Parson v. Murphy, 101 Neb. 542, 163 N. W. 847, L. R. A. 1918F, 479; Selders v. Cornhusker Oil Co., 111 Neb. 300, 196 N. W. 316. Applying these principles in the case last cited, this court held: "A latent accidental injury to a workman, seeming at first to be trifling, but subsequently resulting in disability, may be found to occur when discovered by means of X-rays, within the meaning of the Workmen's Compensation Law, providing that no proceeding for compensation shall be maintained unless the claim therefor is made within six months from the occurrence of the injury." In that case the injury was latent, the claim was not filed within six months, and it was held that the injured employee was not thereby denied compensation'."

The authorities supporting the rule are reviewed therein.

We think the rule announced therein is applicable here. When the attending physician filed his report in December of 1935, he stated that the respondent had reported that she herself had removed a piece of glass from her eye, but that he gave no credence to the same; and on the witness stand the same doctor admitted that by his own negligence he had overlooked the glass in the eye, and it was removed by Dr. Lampton. In his report at the time of filing the same, he stated that the only explanation that he could offer was that the particles of glass must have struck the eye with such force that they became imbedded in the soft structures of the lower lid at the time of the accident and remained hidden from view; that pustules ultimately surrounded these particles forcing them to the surface. According to the doctor, whose duty it was to discover the glass in the eye, respondent did not know that the glass was in the eye; it lay there dormant during which time she was misled into believing there was only a soreness resulting from the accident of May 14, 1934.

It disclosed itself developing into a disability which was established to be on or after October 9th, and the subsequent removal of the glass by Dr. Lampton.

We are, therefore, of the opinion and hold that the disability occurred on or after October 9, 1935, and that the claim was filed within time.

It is next urged that there is no competent evidence that the loss of vision resulted from the accident. Dr. Haas, petitioner's physician doing first aid in eye work and to whom the claimant had been sent at the time of the injury, testifying on behalf of the claimant, found there was 25 per cent. disability in the vision. Dr. Cope White testified for the petitioner and found that the disability did not result from the accident. Drs. Lampton, Jones, and Schwab testified for the respondent and gave it as their opinion that the disability resulted from the glass which was in the eye. We have held that where the nature of the injury is such as to require medical expert testimony, such is competent to establish the fact that the disability results from the injury. There is competent evidence that the disability to the eye resulted from the accident of May 14, 1934. Garland Coal & Mining Co. v. Brock, 178 Okla. 541, 63 P. (2d) 70; Southern Ice Utilities Co. v. Barra, 178 Okla. 291, 62 P. (2d) 988; Amerada Pet. Co. v. Sumner, 177 Okla. 503, 61 P. (2d) 205.

The award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.