BROWN & ROOT, Inc., et al. v.
DUNKELBERGER et al.

No. 32217. Nov. 6, 1945.

162 P. 2d 1018.

Looney, Watts, Fenton & Eberle, of Oklahoma City, for petitioners.

B. B. Wheeler, of Muskogee, and Randell S. Cobb, Atty. Gen., for respondents.

OSBORN, J. This is an original proceeding brought by petitioners, Brown and Root, Inc., W. S. Bellows Construction Company, and Standard Accident Insurance Company, to review an award made by the State Industrial Commission to respondent, Leroy Walker Dunkelberger.

From the record it appears that the following facts were sufficiently established before the commission. Respondent was injured on May 9, 1943, between 9:00 and 10:00 o'clock p. m., while in the employ of W. S. Bellows Construction Company, the injury affecting the elbow of his right arm. He notified L. G. White, the outside electrical foreman of W. S. Bellows Construction Company, who was in charge of the work in which respondent was engaged, and was sent to the hospital by White. The next day X-rays of his elbow were taken at the hospital and he was advised that it was only bruised. He returned to work that day and on the next day went back to the hospital, where more X-rays were taken and he was advised that the arm was not injured. The arm continued to give him pain while he was working, and three weeks later he went back to the hospital, where more X-rays were made and he was again advised that the arm was not injured. He continued to work, but the arm still pained him, and on June 23, 1943, he was sent to the McAlester Clinic, where Dr. L. S. Willhour examined the arm, and some X-ray photographs were then made and he was advised that he had a fracture of the head of the radius in his right arm; that the fracture was without fragmentation, the bone was in good position and had a good callous formation at that time, and that if he went on using it it would probably straighten out all right. At that time the doctor told him that it would probably be a year before it could be definitely determined whether or not he had a permanent disability and the degree of the disability, if, in fact, he was permanently disabled. On June 24, 1943, Dr. Willhour reported to the Standard Accident Insurance Company that he had treated respondent for the injury; that it was in good condition and would straighten out in time, and that no permanent injury was anticipated. Respondent gave no written notice of the injury. He changed employment on June 30, 1943, and filed his first claim for compensation July 5, 1944. The undisputed medical evidence adduced before the commission established a 20 per cent disability in the right arm of respondent, and the trial commissioner made an award to respondent. Petitioners appealed to the commission en

banc, and the appeal was heard before three members of the commission. Two of them affirmed the award; the third dissented.

Petitioners make two contentions: First, that, under our statute, the award must be made by a majority of the commission, and that an award made merely by a majority of a quorum is void; and, second, that the findings of fact upon which the award is based are not supported by competent evidence. We will dispose of these contentions in the order stated.

The statute with reference to the number of commissioners necessary to act upon an award when the commission is hearing an appeal en banc is 85 O. S. 1941 § 77. It provides as follows:

"Ninth . . . Upon the filing of such appeal, the entire Commission, or a majority thereof, sitting as a body shall hear such appeal, and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable. In case less than the entire Commission hears the appeal, only those members participating in the hearing shall participate in the making of the order, decision or award. . . . "

It is to be noted that three of the commissioners, being a majority thereof, may hear appeals and there is no requirement that all must concur in an award made. In the absence of such requirement we know of no reason why a majority of those sitting, where less than the entire number hear the appeal, may not properly determine the same.

In Osborne v. State Industrial Commission, 188 Okla. 616, 112 P. 2d 384, we held an award on appeal made by three commissioners, one of whom was the trial commissioner whose award was affirmed, was valid. In People v. Hecht, 105 Cal. 621, 38 P. 941, the court held that the action of a quorum of a duly elected board was the act of the board, where a majority of the quorum voted for the action taken. This seems to be the general rule. 42 Am. Jur., p. 384.

In their second contention petitioners urge that. the trial commissioner held that the filing of respondent's claim was not barred by the statute of limitation for certain reasons stated in his finding, and that the commission on appeal held that the claim was not barred for a difrerent reason, and that neither the reason advanced by the trial commissioner nor that stated in the special affirming opinion of the commission on appeal is supported by the evidence. While there is in the record some justification for this argument, we think the conclusion reached by the trial commissioner and affirmed by the commission on appeal is correct.

The evidence shows that respondent was advised by the physician employed by petitioners and to whom respondent was sent that he had sustained no injury to his arm, and that not until he was sent to the McAlester Clinic where his arm was examined by Dr Willhour was he advised that he had a fracture of one of the bones in his elbow. It also appears that Dr. Willhour did not believe that the injury would be permanent and that he so advised both respondent and insurance carrier, and that in addition he stated to respondent that it would be a year before it could be definitely determined whether or not there was a permanent injury to the arm. It further appears that respondent relied upon this statement of Dr. Willhour and continued to use his arm for a year as advised by the doctor. At the expiration of the year it had not improved and thereupon he filed his claim.

We think this evidence brings respondent's claim within the rule announced in Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489, and Swift & Co. et al. v. State Industrial Commission, 161 Okla. 132, 17 P. 2d 435. These cases hold that where the injury is of such a nature that its lasting effect is not easily ascertained, and it seems trifling, but later develops, or is found to be of a permanent nature,

the statute of limitation, 85 O. S. 1941 § 43, does not begin to run until the disability is disclosed and becomes apparent.

We have held that the strict rules of pleading and practice required in courts should not be applied to proceedings before the Industrial Commission. Glasgow v. State Industrial Commission, 120 Okla. 37, 250 P. 138. And the rule is well established that this court will affirm a just judgment or decree regardless of the incorrect reasoning of the trial judge in reaching such correct conclusion. Douglas v. Douglas, 176 Okla. 378, 56 P. 2d 362; St. Louis-S. F. Ry. Co. v. Matthews, 174 Okla. 167, 49 P. 2d 752. We therefore affirm the holding of the commission that the filing of respondent's claim was not barred by the statute of limitation.

Petitioners also urge that the finding of the commission that it had actual notice of the injury is not supported by the evidence for the reason that it is not shown that actual notice was given to a superintendent or foreman, who, under the rules of the company, was required to report accidental injuries to the employer, citing Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. 2d 177. The evidence in the record before the commission shows that respondent notified his superior and that he was hospitalized and given medical attention by petitioners. This was sufficient to show actual notice. Nuway Laundry Co. v. Trice, 182 Okla. 518, 78 P. 2d 706. The evidence amply supports the conclusions found by the commission.

Award sustained.

GIBSON, C. J., HURST, V. C. J., and RILEY, BAYLESS, and DAVISON, JJ., concur.