YORK v. STATE INDUSTRIAL COMMISSION et al.

No. 33966.   July 19, 1949.

*208 P. 2d 563.*

W. O. Moffett, of Tulsa, for petitioner.

Butler & Rinehart, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J.   This is an original proceeding brought by petitioner, Henry W. York, against State Industrial Commission, Commander Mills, Inc., and its insurance carrier, respondents, to vacate an order of the State Industrial Commission denying compensation.

The trial commissioner found that petitioner, on December 16, 1945, while in the employ of Commander Mills, Inc., and engaged in a hazardous employment, sustained an accidental personal injury to both knees; that no claim for compensation was filed until

April 24, 1948; that no evidence was offered sufficient to toll the statute and that petitioner's claim was therefore barred by the statute of limitations, and order was made denying compensation. This order was affirmed on appeal to the commission en banc.

It is contended by petitioner that the order is not sustained by the evidence and is contrary to law.

The undisputed evidence shows that petitioner sustained his injury December 16, 1945, and his claim for compensation was not filed until April 21, 1948. Since it is undisputed that petitioner did not file his claim for compensation within one year after having received his injury, in the absence of facts sufficient to toll the statute, the claim is barred. 85 O. S. 1941 §43.

It is asserted by petitioner that he has proved facts sufficient to toll the statute. The evidence shows that the next morning after having sustained his injury he notified his employer's superintendent, Mr. Reynolds, of his injury, and was advised by him to take heat treatments; that he did so and continued to take such treatments until April 22, 1946, at which time he was advised by Mr. Reynolds to call upon Dr. Wade Sisler for examination and treatment. After examination the doctor advised petitioner he had sustained no disability as a result of his injury, but that his disability was due solely to arthritis. During all this time petitioner remained at work and continued so to do, for which he drew his regular wages until August 1, 1946. At this time he again advised his employer his condition had not improved, and he was then directed to go to Dr. Glass for further treatment. After examination of petitioner Dr. Glass reached the same conclusion as Dr. Sisler, and in a written report advised respondent's insurance carrier that he had made the examination and had concluded that petitioner sustained no disability as a result of his injury, but that his disability was due solely to arthritis.

The evidence further shows that respondent, Commander Mills, Inc., furnished petitioner medical care and treatment up to and including August 1, 1946; since that time it has not furnished petitioner further care or medical treatment, nor did petitioner thereafter request it so to do.

The evidence further shows that July 2, 1947, petitioner, of his own accord, called upon Dr. Eric White of Tulsa for further examination and treatment; that thereafter, upon Dr. White's suggestion, he was admitted to the Veterans Hospital at Muskogee; on December 17, 1947, he was transferred to the Veterans Hospital at Oklahoma City, where he was examined by several doctors and advised by them for the first time that he was suffering from synovitis, and that such condition was due to the injury sustained to his knees. It is also shown by the evidence, as testified to by petitioner, that his employer, Commander Mills, Inc., did not advise, direct or authorize him to call upon Dr. White, nor direct or authorize the treatment at the hospitals above mentioned. Neither did it pay any of the medical or hospital bills or other expenses of such treatment.

It is conceded that petitioner did not file his claim for compensation within one year after receiving his injury. There is a total lack of evidence tending to show that his employer has paid compensation or wages in lieu of compensation, or that it furnished him medical care or treatment within one year next preceding the filing of his claim. Neither has it been shown that his employer, or anyone in its behalf, has done anything to toll or waive the statute.

Petitioner asserts the statute has not run against him because the doctors who first examined and treated him led him to believe that he had sustained no disability as a result of his injury, and that his disability was due solely to arthritis; that he did not become aware of the fact that he had sustained a permanent disability as the

result of his injury until December 17, 1947, when he was so advised by the doctors at the Veterans Hospital in Oklahoma City.

Petitioner further asserts that the statute of limitations does not begin to run against the filing of a claim until the disability arising from an accidental injury becomes apparent. In support of such contention he cites and relies upon Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489, and Swift & Co. v. State Ind. Comm., 161 Okla. 132, 17 P. 2d 435. There is broad language contained in the syllabus of each of these cases tending to support such contention. We have, however, held to the contrary in the recent case of Tulsa Hotel et al. v. Sparks et al., 200 Okla. 636, 198 P. 2d 652. Therein we said:

"Under 85 O. S. 1941, § 43, where an employer has neither paid compensation nor wages in lieu of compensation, nor furnished medical care or attention for an alleged injury within one year next preceding the filing of a claim therefor, any claim thereafter filed with the Industrial Commission is barred where the employer or some one in his behalf has done nothing to toll or waive the statute."

In that case the employee made the same contention as is made here, and also relied upon the same authorities relied upon by petitioner in the present case, and in addition thereto cited and relied upon the case of Brown & Root, Inc., v. Dunkelberger, 196 Okla. 116, 162 P. 2d 1018, wherein we held:

"Under the provisions of the Workmen's Compensation Law (85 O. S. 1941 §1 et seq.) the statute of limitations does not begin to run against the filing of a claim until the disability arising from such accidental injury becomes apparent."

In Tulsa Hotel et al. v. Sparks et al., supra, in referring to and discussing the above-quoted case, we said:

"Claimant therefore states that his claim was timely filed under the rule announced in Brown & Root, Inc., v. Dunkelberger, 196 Okla. 116, 162 P. 2d 1018, 1019, wherein we said: 'Under the provisions of the Workmen's Compensation Law, 85 O. S. 1941 §1 et seq., the statute of limitations does not begin to run against the filing of a claim until the disability arising from such accidental injury becomes apparent.'

"The holding in the above-cited case was based upon the rule announced in Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489, and Swift & Co. et al. v. State Industrial Commission, 161 Okla. 132, 17 P. 2d 435. The applicable syllabus in each of these cases and also the Dunkelberger case is too broad for the reason that no limitations of any kind are contained therein, and the same are hereby disapproved. The facts, however, as stated in the Roach and Swift & Co. cases, supra, are sufficient to toll the statute and under the facts contained therein we agree that the result reached in each of said cases was correct. . . .

"The facts in the Dunkelberger case, supra, are insufficient to cause a tolling of the statute due to the fact that the claim was not filed within one year from the last medical treatment afforded claimant by the company. We therefore find that this case should be expressly overruled."

It will thus be noted in that case we expressly disapproved the broad and unqualified rule relied upon by petitioner and announced in the syllabus of the cited case and expressly overruled the case of Brown & Root, Inc., v. Dunkelberger, supra, which is based solely upon such rule and theory.

In his reply brief petitioner cites the case of Dixon v. Sinclair Prairie Oil Co., 201 Okla. 163, 203 P. 2d 419, which he asserts sustains his contention. While there is some language contained in that opinion tending to support such contention, nothing is stated therein indicating that the court intended to depart from the rule announced in Tulsa Hotel et al. v. Sparks et al., supra. In the cited case the commission held the employee's claim barred by the statute of limitations and made an order denying compensation. The order was vacated on appeal because of indefiniteness of the findings of the commission.

The question here under discussion was not definitely passed upon in that case. It does not sustain the contention of petitioner.

Since the evidence shows that petitioner did not file his claim for compensation within one year after receiving his injury, and no facts sufficient to toll the statute having been shown, the commission ruled correctly in holding the claim barred, and in denying compensation.

Order sustained.

DAVISON, C. J., and WELCH, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V. C. J., concurs in conclusion.