Roy E. EVANS, Petitioner,

v.

TULSA CITY LINES, Inc., and the Continental Casualty Company and Oklahoma State Industrial Commission, Respondents.

No. 36655.

Supreme Court of Oklahoma.

Nov. 15, 1955.

Edward O. Monnet, Tulsa, for petitioner.

Rucker, Tabor & Cox, Robert L. Shepherd, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

On the 30th day of November, 1951, Roy E. Evans, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on October 16, 1940, he sustained an accidental injury arising out of and in the course of his employment with Tulsa City Lines, Inc., employer, when he crushed his knee between the bumper of an incoming bus and a bus on which he was working in the repair shop. The State Industrial Commission entered an order denying an award which is, in part, as follows:

"That claimant's claim for compensation is denied on the grounds that the claim was not filed within the time prescribed by statute, said injury being alleged to have occurred October 16, 1940, and said Form 2, or Employee's First Notice of Injury and Claim for Compensation, having been filed November 30, 1951.

"It is therefore ordered that claimant's claim for compensation is denied."

This proceeding is brought by claimant to review the order denying the award.

In his first proposition claimant asserts that under the rule announced in Bartlett-Collins Co. v. Roach, 180 Okl. 521, 71 P.2d

489 and Brown & Root, Inc., v. Dunkelberger, 196 Okl. 116, 162 P.2d 1018, the order of the State Industrial Commission is erroneous as a matter of law for the reason that under the rule announced in these cases claimant had one year from the time of discovery of the disability resulting from the accidental injury in which to file his claim under the provisions of 85 O.S.1951 § 43.

The record discloses that claimant sustained an accidental injury on October 16, 1940, when his knee was crushed between the bumper of a bus coming into the repair shop and a bus on which he was working as a mechanic; that he was paid for five weeks for the disability resulting from the accidental injury; that no claim was ever filed; that for a period of one year following the accidental injury his leg pained him and gave him quite a bit of trouble but aside from the loss of five weeks occasioned by the original injury he sustained no loss from his work or employment; that some time later his knee began to swell and cause him trouble and in 1951 he was operated on by Dr. M.

The State Industrial Commission did not err in holding that the claim was barred by the statute of limitations. In Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652, 655, this court discussed and distinguished Bartlett-Collins Co. v. Roach and Swift & Co. v. State Industrial Commission, 161 Okl. 132, 17 P.2d 435, and therein stated:

"The holding in the above cited case was based upon the rule announced in Bartlett-Collins Co. v. Roach, 180 Okl. 521, 71 P.2d 489, and Swift & Co. v. State Industrial Commission, 161 Okl. 132, 17 P.2d 435. The applicable syllabus in each of these cases and also the Dunkelberger case is too broad for the reason that no limitations of any kind are contained therein, and same are hereby disapproved. The facts, however, as stated in the Roach and Swift Co., cases supra, are sufficient to toll the statute and under the facts contained therein we agree that the result reached in each of said cases was correct."

Referring to Brown & Root, Inc., v. Dunkelberger, supra, it is said:

"The facts in the Dunkelberger case, supra, are insufficient to cause a tolling of the statute due to the fact that the claim was not filed within one year from the last medical treatment afforded claimant by the company. We therefore find that this case should be expressly overruled."

■ In the syllabus it is stated:

"Under 85 O.S.1941 § 43, where an employer has neither paid compensation nor wages in lieu of compensation, nor furnished medical care or attention for an alleged injury within one year next preceding the filing of a claim therefor, any claim thereafter filed with the Industrial Commission is barred where the employer or some one in his behalf has done nothing to toll or waive the statute."

The rule announced in Tulsa Hotel v. Sparks, supra, has been followed in York v. State Industrial Commission, 201 Okl. 636, 208 P.2d 563 and Skaggs v. Noble Drilling Co., Okl., 283 P.2d 794.

■ It is next argued that the statute above referred to was tolled by a failure of the employer to file notice of accidental injury. We have held to the contrary. McClenahan v. Oklahoma Ry. Co., 131 Okl. 73, 267 P. 657; Schuermann v. Hacker Mill & Elevator Co., 189 Okl. 43, 113 P.2d 389; Sinclair Prairie Oil Co. v. Newport, 195 Okl. 521, 159 P.2d 726, 728. In Sinclair Prairie Oil Co. v. Newport, supra, it is stated:

"The theory that the statute might have been tolled by reason of the failure of the employer to file a report of the injury has been expressly rejected by this court in McClenahan v. Oklahoma R. Co., 131 Okl. 73, 267 P. 657, and followed in later cases."

There was no error in denying the award on the ground that claimant was barred by 85 O.S.1951 § 43.

Order sustained.