**STILLWATER FLORAL COMPANY and Fidelity and Casualty Company of New York, Petitioners,**

v.

**Oral A. MURRAY and the State Industrial Court, Respondents.**

No. 40086.

Supreme Court of Oklahoma.

Oct. 30, 1962.

Rehearing Denied April 16, 1963.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Claud Briggs, Oklahoma City, for respondents.

BLACKBIRD, Vice Chief Justice.

Under review before this court is the trial tribunal's finding that claimant's claim for compensation was filed "in due time" so as to avoid the bar provided in 85 O.S.1961 § 43.

Compensation was sought for disability due to an injury sustained by claimant on or about January 15, 1960—the claim was filed on September 20, 1961. While at work on employer's premises, claimant was struck in the occipital area of his head by a sheet metal object hurled in an explosion of gas which had accumulated in the boiler, through the malfunction of an igniter. The blow either dazed him momentarily or rendered him unconscious for a short period of time. The following morning he had "a small headache for awhile"; a knot, or a lump, "about the size of a quarter of a dollar", appeared on the back of his head, and there was also a minor "sore" on the left temple just above the ear. These conditions disappeared in "a couple or three days". Two or three months after the accident, claimant began noticing some "unusual" headaches which caused him to "wonder" why he had them. They were not "severe enough", and he didn't think "too much about it". The headaches "kept building up a little worse and a little worse" until around May or June, 1961, when claimant began to experience black-out spells. In the middle of May, 1961, his employment was terminated, but he was allowed to stay at work until the end of that month; he received vacation pay for the first two weeks of June. According to the employer, claimant was discharged because of his use of intoxicants while on the job, and general neglect of duties.

Early in July, 1961, claimant became seriously concerned about his intermittent black-out spells and "fugue states". He consulted a general practitioner in Stillwater and was referred to a psychiatrist, Dr. W. The latter physician first saw him on July 6, 1961. On August 7, 1961, claimant, while driving his car, became involved in a collision which was attributed to a sudden black-out episode. Subsequent to this accident, in which claimant received a "slight" laceration on his forehead, he was confined in a sanitarium where he remained for ten days undergoing psychiatric examination. A month later he was hospitalized in a State institution where he underwent further electroencephalogram tests. In December of 1961, claimant was re-admitted at the private sanitarium for additional examination.

According to Dr. W, claimant's "temporal lobe seizures" were produced by a brain lesion which resulted from the blow received by him in the accident of January, 1960. This opinion was contradicted by Dr. L, a neurologist, who ascribed the symptoms to non-compensable causes. The trial tribunal entered an award in claimant's favor. Its determination, so far as the issue of limitation is concerned, rests upon these findings:

"That the disability effects from the said injury of January 15, 1960, did not become manifest to claimant until on or about August 20, 1961, when he had competent medical advice concerning same; and that claimant's claim filed herein September 20, 1961, was filed in due time, and is not barred by the Statute of Limitations.

\* \* \* \* \* \*

"That although the said accident of January 15, 1960, caused an injury to claimant's brain, the symptoms therefrom remained latent until about May 15, 1961, and said symptoms have continued and remain at this time, and claimant did not become aware of a causal connection between said symptoms and said blow of January 15, 1960, until he received competent medical advice of said causal connection about August 20, 1961."

As disclosed by undisputed evidence, claimant received no medical attention or compensation from the employer for his injury of January 15, 1960.

Employer asserts error in the quoted findings and conclusions of the trial tribunal,

pointing out that the one-year period of limitation, under 85 O.S.1961 § 43, begins to run from the date of the injury, and not from the date upon which manifestations of disability become apparent, or causal connection is medically established between the accident and the pathology for which compensation is sought.

It is apparent from the language employed in the quoted portions of its decision that the trial tribunal relied upon the pronouncements of this court in Swift & Co. v. State Industrial Commission, 161 Okl. 132, 17 P.2d 435; Bartlett-Collins Co. v. Roach, 180 Okl. 521, 71 P.2d 489; and Brown & Root, Inc. v. Dunkelberger, 196 Okl. 116, 162 P.2d 1018, 1019. In the case last cited, which was bottomed upon the two former decisions, we held that the statute of limitations does not begin to run against the right to prosecute a proceeding for compensation until the disability arising from an accidental injury has made itself manifest. This rule of law was repudiated as "too broad" in Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652, 655, in which the Dunkelberger case was expressly overruled. The syllabus in both the Swift and Bartlett-Collins cases, in so far as it pronounced that the limitation period begins to run from the date of disabling manifestations, was disapproved. The court did not see fit to overrule the two cases because the facts therein were found sufficient to support the conclusion. In the Swift case, the limitation period was held, under the provisions of Tit. 85 O.S.1961 § 106, not to have run from the time the claimant became mentally incompetent (about six months after the accident) to the time his guardian was appointed. As a guardian, thereafter appointed, did file a claim within one year from the appointment, the claim was held not barred by the statute. In this connection, see United Brick & Tile Co. v. Roy, Okl., 356 P.2d 107. The Bartlett-Collins decision did not have to be overruled, because, under the facts therein, the limitation period was clearly tolled by medical treatment last furnished by the employer with-

in a year of the filing of the claim. Here, there was no such tolling of the statute. Neither of the three above-described decisions now has any efficacy in this jurisdiction insofar as it holds that the limitation period does not commence to run until the disability arises. Our more recent decisions firmly commit us to the view of the Tulsa Hotel decision. See York v. State Industrial Commission, 201 Okl. 636, 208 P.2d 563; and other cases cited in Swafford v. Schoeb, Okl., 359 P.2d 584, 586.

■ The plain terms of our statute, Tit. 85 O.S.1961 § 43, provide that "the right to claim compensation * * * shall be forever barred *unless within one (1) year after the injury* * * *, a claim for compensation thereunder shall be filed * * *". The term "injury", or personal injury, *means only accidental injuries* arising out of and in the course of employment * * *". Tit. 85 O.S.1961 § 3(7). As said in Kobilkin v. Pillsbury (C.C.A. 9th Cir.) 103 F.2d 667, 668: "It (the injury) was inflicted at the time of the accident, not when its full extent was first noted * * *". The Act has no provision for computing the limitation period from the time disability develops. As said in Pillsbury v. United Engineering Co., 342 U.S. 197, 72 S.Ct. 223, 224, 96 L.Ed. 225: "We are not free, under the guise of construction, to amend the statute by inserting therein before the word 'injury' the word 'compensable' so as to make 'injury' read as if it were 'disability'." Granted that the Workmen's Compensation Law should be liberally construed, it is elementary that the courts have no power to legislate. Kobilkin v. Pillsbury, supra (103 F.2d p. 670). We must conclude that under Tit. 85 O.S. 1961 § 43, the right to prosecute a proceeding for compensation begins to run from the date of the accidental injury.

■ A workman who is aware, or should be aware, of *some defect* produced by his accidental injury may not await the expiration of the limitation period to assert his right to compensation. See Swafford v. Schoeb, supra, and the cases there-

in cited (359 P.2d p. 587), and Roe v. Jones & Spicer, Inc., 196 Okl. 582, 167 P.2d 70. As disclosed by the undisputed evidence, the claimant in the present case was aware that he had sustained an accidental injury and that he had *some* ill effects therefrom at least as early as the morning of January 16, 1960. The injury itself was not of a latent nature. The mere fact that claimant could not, from a medical standpoint, evaluate the full extent of his injury (however trivial it may have seemed) until much later, did not operate to toll, or arrest, the limitation period.

There was error in the trial tribunal's determination that the statute of limitations remained arrested, or suspended, while claimant experienced no serious ill effects from his accident. The one-year limitation period expired months before the subject claim was filed in September, 1961. The award is therefore vacated, and this proceeding is remanded with instructions to dismiss the claim.