I respectfully dissent.
I believe it unnecessary to reach the question of whether an innocent misrepresentation will toll the statute of limitations. As the Court of Civil Appeals held and the record reflects, the trial judge incorrectly concluded that the representation of Mr. Youngblood's physician (Limbaugh's agent) misled Mr. Youngblood into delaying the workmen's compensation claim. At issue is whether the statute of limitations is tolled by the physician's representation that the extent of Mr. Youngblood's permanent disability would be determined at the time Mr. Youngblood's hip pin was removed. I quote from the record: *Page 1150 
 Q. And at the time you were operated on, you knew you were having a lot of problems here with your hip, didn't you?
A. Yes.
 Q. And you knew that it was to a certain extent it was disabled [sic] to you, didn't you, sir?
A. Yes, sir.
 Q. And you knew that after Dr. Meyer put that plate or whatever it was in your hip, you knew that you were going to have some problems with it afterwards, didn't you?
A. Yes.
. . . .
 Q. Okay. And you knew that at the time, when you started back to work, didn't you, that you were going to have some problems, didn't you?
A. Yes.
 Q. And you knew that you were going to have some disability of some type, didn't you, sir?
A. I knowed I wasn't ever going to be right no more.
Q. Yes, sir.
THE COURT: What? I didn't —
 A. I said, I knowed I never would, you know, be right no more.
 Q. And that was something that Dr. Meyer didn't need to tell you because that was something you knew yourself, didn't you, sir?
A. Yes, sir. I knowed I wouldn't.
Q. But, you just didn't know how much disability —
A. I didn't know how much disability.
 Q. But, you knew that you were going to have some disability?
 A. I knowed I was going to have some problem, yes, sir.
 Q. And you knew that before the year after the accident expired, didn't you?
A. Yes, sir.
 Q. All right. Did you consult a lawyer during that time?
A. No, sir.
. . . .
 Q. All right. Now, back when you had your second operation, you had that pin taken out, Dr. Meyer never told you that the Traveler's were going to pay you anything, did he?
A. No, sir.
 Q. Dr. Meyer never made any promises of any type to you that anybody was going to pay you any permanent disability of any type, did he, sir?
A. No, sir.
 Q. And the only thing Dr. Meyer told you was that you were going to have a disability rating of some type, is that right?
A. Yes, sir.
Q. But, you knew that already, didn't you, sir?
A. Yes, but I didn't know what extent.
. . . .
 Q. Okay. But, at any rate Dr. Meyer never promised you that anybody was going to pay you anything?
A. No, sir.
 Q. And he never told you that he was going to see that you got compensation benefits?
A. No, sir.
 Q. And he never told you to wait a certain length of time before filing any claim to get compensation benefits, did he, sir?
A. He didn't tell me to file a claim.
 Q. That's right. And he didn't tell you not to file one?
A. No, sir.
 Q. And you didn't tell him that you were going to be filing a claim?
 A. No, sir. I just asked him what disability I would be.
In spite of the presumption accorded the trial judge's oretenus finding of fact, see, Donnelly v. Doak, 346 So.2d 414
(Ala. 1977), I believe it is apparent the trial judge erred when he found that the physician's statements misled plaintiff into delaying the filing of this lawsuit. Additionally, even assuming the physician's representations were misstatements of fact, they were not of the character which will toll the statute of limitations, *Page 1151 
because a fixed degree of disability is not a condition precedent to a claim under the Workmen's Compensation Act. See,Pittman v. City Stores, Inc., 204 Tenn. 650, 325 S.W.2d 249
(1959); Stillwater Floral Co. v. Murray, 380 P.2d 694 (Okla. 1962).