### SUN OIL CO. et al. v. BARKLEY et al.

No. 21768.   Opinion Filed April 21, 1931.

Clayton B. Pierce and Truman B. Rucker, for petitioners.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

McNEILL, J. This is an original proceeding on petition of the Sun Oil Company to review an award made by the State Industrial Commission on the 30th day of August, 1930, wherein the Commission ordered the petitioner or its insurance carrier to pay respondent herein the sum of $123.12 as compensation for eight weeks' disability, and the tender of a hernia operation, or the sum of $150 in lieu thereof.

The respondent, Thos. S. Barkley, and the employer, Sun Oil Company, and insurance carrier, the Employers Casualty Company, petitioners herein, stipulated as to the facts in this case as follows:

"* * * On or about the 27th day of July, 1927, the claimant, Thomas S. Barkley, was employed by Sun Company at its refinery in Yale, Okla. The claimant was employed in the yard at a wage of $4 per day; that on said date, while holding up two pieces of pipe about 11 feet in length, the claimant fell through a condenser box and strained himself; that a swelling appeared in the right groin, and, for several days after the accident, the claimant suffered pain in the right groin; that claimant lost no time on account of the accident, but continued at work from the date of the accident until the present time; that the claimant has never worn any truss or other support; that ever since the happening of said accident, the claimant has felt pain upon heavy lifting or straining; that the claimant was examined by Dr. R. H. Graham on May 15, 1929, who found the hernia complained of; that the swelling or bulging at the site of the hernia was about the same size at the time of the examination by Dr. Graham as it was within a short time after the accident; that the claimant notified the employer of his accident on June 5, 1929, and did not notify or advise the employer of this accident, either in writing or orally, at any date prior to the 5th day of June, 1929; that neither the employer nor the insurance carrier had any actual knowledge of the accident prior to the 5th day of June, 1929; that the claimant did not file his claim with the Industrial Commission until the 2nd day of August, 1929; that the claimant did not go to Dr Graham for treatment of this injury, but same was discovered by Dr Graham while in pursuance of his examination of Sun Company employees generally, which service Sun Company renders at its sole expense."

The respondent testified at the hearing at Drumright, Okla., on the 28th of August, 1930, as follows:

"Q. Did you receive an accidental injury while there on July 27, 1927? A. Yes, sir. Q. What was the nature of the accident? A. There was a slight swelling in my side; I let it go at that; I didn't think it would amount to anything, and later on, when we went up before the doctor for an examination, he told me it was a rupture. Q. This stipulation sets forth that the parties agreed that on May 15, 1929, Doctor R. H. Graham found a hernia? A. Yes, sir. Q. That is the first knowledge you had of this hernia? A. Yes, sir. Q. That hernia was the result of this strain in July, 1927? A. I absolutely believe it was, from what the doctor told me."

Also, on cross-examination as follows:

"Q. Mr. Barkley, you say that you were working for the Sun Company on the 27th of July, 1927? A. Yes, sir. Q. At that time you remember falling through the condenser box and straining yourself? A. Yes, sir. Q. That occasioned some pain at the time, did it not? A. Yes, sir. Q. Did you quit work? A. No, sir. I didn't do much for an hour or two, until the pain left me. Q. You just kinda took it easy for an hour or two till the pain got better? A. Yes, sir. Q. It pained you then for three or four days? A. I don't remember how long it was, and then it got better. Q. It got better then? A. Yes, sir; it pained me, and left a slight enlargement there; I thought maybe it was a strain of some kind. Q. At the time of the accident on July 27, 1927, you say there was a slight enlargement immediately afterwards? A. Yes, sir; I don't remember whether then or a day or two longer. It resembled a slight swelling. Q. And that stayed with you? A. Yes, sir. Q. And the first time you advised your employer of the accident was about the 5th day of June, 1929? A. I don't remember I advised him then; Jack Mains is our safety engineer, and he was there at the time, and I took it up with him. Q. That was in June, 1929? A. I don't remember the date, if that was at the time of the examination, then that was it. Q. The first time you told your employer about it was some time in the spring of 1929? A. Yes, sir."

After said hearing, the Commission, on the 30th day of August, 1930, made and filed findings of fact as follows:

"That, on and prior to July 27, 1927, the claimant herein was in the employ of the above-named respondent, and engaged in a hazardous occupation, subject to and coming within the provisions of the Workmen's Compensation Law; and on said date received an accidental injury arising out of and in the course of said employment, in the nature of a hernia.

"That the claimant did not realize that he had received a hernia until May, 1929, and that he filed his claim for compensation with the Commission within one year from the date that he knew he was suffering with a hernia"

—and ordering the petitioner or its insurance carrier to pay the respondent the sum

of $123.12 as compensation for eight weeks' disability and the tender of an operation for the correction of hernia, or $150 in lieu of said operation.

The petitioners assign as error that the Commission was without authority of law to make the aforesaid order complained of, and that, under the Workmen's Compensation Law, failure of the injured employee to file claim for compensation within one year from the date of the injury bars recovery of compensation. There is no dispute as to the facts in this case, and it presents a question of law. From the testimony and the stipulation of facts and the findings of the Commission, the respondent. on July 27, 1927, received an accidental personal injury arising out of and in the course of such employment in the nature of hernia. The respondent at the time he received the injury suffered pain and in his own language stated, "I did not do much for an hour or two until the pain left me," and that he also has suffered pain ever since the receiving of the injury whenever required to lift heavy objects or perform labor that required exertion, though he has been continuously employed since said time by the petitioner. He was not examined by a physician until May 15, 1929, when he appeared before a doctor for examination and was told that he had a rupture.

Section 7301, C. O. S. 1921, provides as follows:

"The right to claim compensation under this act shall be forever barred unless, within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

It is apparent in this case that the respondent did receive an accidental personal injury on July 27, 1927, arising out of and in the course of his employment, and the Commission so found, but that his claim for compensation was not filed until August, 1929, being over two years after said accidental injury.

In the case of McClenahan v. Oklahoma Ry. Co., 131 Okla. 73, 267 Pac. 657, this court held:

"Evidence showing failure to file application with Industrial Commission within one year after injury held to justify refusing award."

In the McClenahan Case, supra, the claimant was injured in August, 1924, worked until October 4, 1924; on July 9, 1925, the claimant was operated on for hernia; on July 27, 1926, he filed a claim for compensation, and the court, in the opinion, after reviewing the facts in that case, states:

"We are of the opinion that this cause comes clearly within section 7301, C. O. S. 1921, which is as follows: 'The right to claim compensation under this act shall be forever barred, unless, within one year after the injury, a claim for compensation thereunder shall be filed with the Commission.'"

In the case at bar, the accident and injury were concurrent and identical as to time.

In this case, so far as this record is concerned, the employer did not know of the injury prior to the examination by the doctor, and there was no attempt on the part of the employer to conceal any facts from the employee nor to lull the employee into any security in endeavoring to prevent or induce him from filing his claim for compensation. The employee, respondent herein, knew that he had strained himself and received an injury and experienced pain at the time of the injury and continuously thereafter at times when called upon to lift objects and exert himself in the performance of his duties which he performed for his employer as a general "yard man." The statute is plain and as applied to this case needs no interpretation other than the plain language of section 7301, supra. The respondent presented no claim for compensation until more than two years after the receipt of the injury. Under the statute this claim is barred, and the order of the Commission is contrary to law and the same is reversed and remanded, with directions to dismiss the claim.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.