## CHAS. T. BOULWARE, Inc., et al. v. MILLS et al.

No. 22651. Opinion Filed April 5, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

William H. Lewis, for respondents.

RILEY, J. This is an original proceeding in this court to review an award of the State Industrial Commission made in favor of respondent, Lark Mills, herein referred to as claimant, and against petitioners.

The accident out of which the claim arose occurred June 20, 1929. On said date, claimant, while in the employ of petitioner Chas. T. Boulware, Inc., was engaged in washing the top of an automobile. He fell from the top of said automobile to the floor, striking a bucket, whereby he received certain injuries upon which this claim is based. There is no dispute as to the accident or disability of claimant. The award was for compensation at the rate of $18 per week from June 27, 1929, to December 23, 1929 (24 weeks and four days), and from December 23, 1929, to July 11, 1931 (80 weeks and four days), less eight weeks and two days of said time during which claimant had worked, and less certain payments made, and a continuance of weekly payments at the same rate until further order.

It is first contended that there is no evidence reasonably tending to support the award. It is contended that the evidence shows that claimant's disability was caused by an old bullet wound received some eight years prior to the accident and was not caused by the accidental injuries mentioned.

Upon this question the evidence is in direct conflict. Two doctors testified that in their opinion claimant's disability was caused by the old bullet wound and not by the accident. Two other doctors testified that in their opinion the disability was caused directly by the accident and could not have been caused by the old bullet wound. The Commission found the disability was caused by the accidental injury received June 20, 1929. The evidence, as stated, is in direct conflict as to the cause of claimant's disability. In such case the findings of the State Industrial Commission are conclusive and binding upon the parties and upon this court, and will not be reversed in a proceedings to review.

It is next urged that the award is excessive in that there is no competent evidence tending to prove that claimant's wage was $130 per month as found by the Commission.

The only evidence as to claimant's earning capacity is that of claimant himself. He did testify that he had been working for petitioner Chas. T. Boulware Company about two months when he was injured, and that his average earnings at that place were $135 per month, being at the rate of $3 per day and certain commissions for sales of cars made by him. If this were all the evidence, it would be sufficient to support the findings, but claimant also testified that before entering the employ of petitioner Chas. T. Boulware, Inc., he had worked for the Eisele Motor company, doing the same kind of work and receiving pay upon the same basis, but at that place his total earnings averaged $100 per month. It will thus be seen that claimant was working in the same employment though not for the same employer during substantially the whole of the year immediately preceding his injury.

Subdivisions 1 and 4 of section 7289, C. O. S. 1921, govern in determining his average wages. According to his own testimony, his average monthly earnings could not have exceeded $107.50, or a total of $1,290 for a year. Subdivision 4, section 7289, supra, provides:

"The average weekly wages of an employee shall be one-fifty-second of his average annual earnings."

Therefore, his average weekly wages could not have exceeded $24.80.

Section 7290, C. O. S. 1921, as amended by section 6, ch. 61, S. L. 1923, provides, whether the disability be permanent or temporary, that compensation shall be sixty-six and two-thirds per cent. of the average weekly wages.

Claimant was, therefore, entitled to no more than $16.54 per week.

The findings of the State Industrial Commission are in all things affirmed except as to the amount of claimant's earnings and reversed in respect thereto. The award as made is vacated and the cause is remanded to the State Industrial Commission with directions to correct its findings in accordance with the views herein expressed and award compensation accordingly.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.