## DOUTHITT v. STATE INDUSTRIAL COMMISSION et al.

No. 23877. Opinion Filed Dec. 20, 1932.

Ballinger & Ballinger, for petitioner.

John F. Butler, for respondents.

HEFNER, J. This is an original proceeding in this court by Paul F. Douthitt to review an order of the Industrial Commission in favor of Ottawa Creameries, Inc., and

Casualty Reciprocal Exchange, denying claimant compensation on his claim presented under the Workmen's Compensation Act. The Commission was of the opinion that the claim was barred by the one-year statute of limitations, section 7301, C. O. S. 1921 [O. S. 1931, sec. 13367], and on this theory denied him compensation.

Claimant contends that the statute of limitations was tolled by the employer by the payment of compensation to him, under the Compensation Act, after he sustained his injury. The record shows that claimant was injured on March 26, 1930; his claim was filed before the Commission June 2, 1931. The evidence shows that claimant, at the time of his injury, was receiving a salary of $25 per week, and that, after his injury, he continued to receive such salary until sometime in October, 1930, at which time he was discharged by his employer.

Claimant relies on the case of Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963. It is there held that the limitation prescribed by section 7301, supra, is a limitation upon the remedy and not upon the right, and that where an employer pays his employee compensation, under the act, after the injury is sustained by the employee, a claim filed before the Commission within one year after receipt of the last payment is filed in time. In the instant case, claimant filed his claim within one year after he was discharged by his employer, and within one year after the last weekly payment received by him from his employer. It is his contention that the payments made to him after his injury were made as compensation, under the act; while the employer claims that they were made as salary and not as compensation. The Commission, in denying compensation, held that the payments were not voluntary payments as compensation, under the act, and therefore not sufficient to toll the statute.

The court, in the Atlas Case, supra, held that the question of whether such payments were made as compensation, under the Compensation Act, or paid as wages to the employee, is one of fact to be determined by the Commission. The Commission, under the evidence, in the instant case, determined this question against claimant. We think the evidence sufficient to sustain the finding.

Petition to review is denied, and the order of the Industrial Commission is affirmed.

CLARK, V. C. J., and SWINDALL, CUL-

LISON, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, and RILEY, JJ., absent.

Note.—See under (1) annotation in L. R. A. 1917D, 135 et seq.; L. R. A. 1918E, 559; 16 A. L. R. 462; 40 A. L. R. 495; 28 R. C. L. 825; R. C. L. Pocket Part, title "Workmen's Compensation," § 113.