## HAZEL-ATLAS GLASS CO. et al. v. GREENWOOD et al.

No. 26888. Oct. 20, 1936.

Pierce & Rucker and Fred M. Mock, for petitioners.

Don Welch and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Hazel-Atlas Glass Company and its insurance carrier to obtain the review and vacation of an award made by the State Industrial Commission in favor of the respondent W. A. Greenwood.

The record discloses that respondent W. A. Greenwood, while in the employ of the petitioner Hazel-Atlas Glass Company on February 15, 1935, had some wet sand splashed into his left eye causing a temporary total disability, for which he was paid; that subsequently application was made for determination of the extent of permanent disability. Several hearings were held on this application, and on December 7, 1935, the State Industrial Commission entered the order and made the award which we are now called upon to review. In said order the commission found, inter alia, that respondent

had sustained an accidental injury resulting in a 65 per cent. loss of vision in his left eye and awarded him 65 weeks' compensation therefor at the rate of $8.67 per week. The petitioners assail both findings made by the commission.

It is first contended by petitioners that the commission erred in its finding that respondent had sustained 65 per cent. loss of vision in his left eye, since the uncontradicted testimony of respondent's physician established the degree of permanent impairment of the eye at 40 per cent. only. A careful review of the evidence shows that this contention is well taken and it is in effect conceded by respondent. The finding by the commission of 65 per cent. loss of vision in respondent's left eye is unsupported by any competent evidence and is in direct conflict with and contrary to the expert medical testimony and cannot be sustained.

As said in Shepard v. Crumby, 146 Okla. 118, 293 P. 1049:

"To uphold the finding of the commission herein, unsupported by any competent testimony whatsoever, which finding is in direct conflict and contrary to the expert opinion of skilled physicians and surgeons, specialists in their line of work, would in effect amount to a holding that the opinion of any layman upon a question which of necessity must be determined by the testimony of those qualified as experts, must be given the same weight as the testimony of those qualified to determine such question. Such holding would be contrary to all fundamental rules of evidence."

In the above case the only expert testimony offered regarding the degree of employee's injury established a 50 per cent. loss of the use of a forefinger, whereas the commission had found a 75 per cent. loss of such use, and the award was vacated, with directions to the commission to enter its award for 50 per cent. permanent partial disability as established by the medical testimony, under such circumstances. As stated in Chas. T. Boulware, Inc., v. Mills, 156 Okla. 159, 9 P. (2d) 957:

"Where the uncontradicted evidence shows that an award of the State Industrial Commission is excessive and there is no other error, this court on review will order the award reduced to conform to the evidence."

Petitioners next contend that the commission erred in finding that respondent's loss of vision was the result of an accidental injury. In this connection petitioners urge that we weigh the evidence of the medical witnesses and interpret the same to hold that trachoma rather than injury was the proxi-

mate cause of the respondent's loss of vision. This we decline to do further than to determine whether there was sufficient competent evidence to sustain the finding of the commission. An examination of the medical testimony discloses the fact that respondent was suffering with trachoma prior to his alleged accidental injury. This, however, would not preclude an award if the injury aroused an otherwise dormant condition. Petroleum Chemical Corp. v. State Industrial Commission, 154 Okla. 67, 6 P. (2d) 775.

Respondent's physician testified that in his opinion the injury had caused the prior chronic condition to flare up and become active, and petitioner's physician testified that such was possible and not improbable. Respondent's physician further testified that respondent had sustained a 40 per cent. loss of vision in his left eye, which in the opinion of the witness was permanent. The question of whether the impairment was due to the accident or disease thus became a question of fact for the determination of the commission from the competent evidence before it. The commission was the judge of the credibility of the witnesses and the weight to be given to the testimony of each of them, and as said by Mr. Justice Corn, speaking for this court in the case of Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. (2d) 847:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

See, also, Hubbard Drilling Co. v. Moore, 158 Okla. 130, 12 P. (2d) 897.

The question as to whether the disability was accidental or due to disease was resolved by the commission against the petitioners upon competent evidence. Under these circumstances, as said by Mr. Vice Chief Justice Osborn, speaking for this court in Magnolia Petroleum Co. v. Watkins, 177 Okla. 30, 57 P. (2d) 622:

"In an action to review an award of the Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where an award of the commission is supported by competent evidence, the same will not be disturbed by this court on review."

The findings of the State Industrial Commission will be affirmed except as to the finding of percentage of loss of vision sustained by respondent, and will be reversed in respect thereto. The award as made is vacated and the cause remanded to the State Industrial

Commission, with directions to correct its findings in accordance with the views herein expressed and to award compensation accordingly.

Affirmed in part and reversed in part, with directions.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.