BEU v. M & P STORES, Inc., et al.

No. 29303. May 7, 1940.

Rehearing Denied June 11, 1940.

Application for Leave to File Second Petition for Rehearing Denied June 25, 1940.

*103 P. 2d 505.*

Goode & Goode, of Shawnee, for petitioner.

Abernathy, Howell & Abernathy, of Shawnee, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Fred Beu, hereafter referred to as petitioner, to obtain a review of an order of the State Industrial Commission which denied his claim to compensation against M & P Stores, Inc., hereafter referred to as respondent.

The record shows that on September 15, 1938, the petitioner filed with the State Industrial Commission an employee's first notice of injury and claim for compensation for an injury which he alleged he had sustained on August 25, 1938, as the result of lifting or carrying a beef. The respondent denied that petitioner had sustained a compensable injury. The evidence adduced at the hearings held by the Industrial Commission to determine liability and extent of disability discloses that the petitioner had a hernia in 1934 which he had repaired by an operation at his own expense; that in 1935 he had a recurrence of said hernia, but did not have any operation to repair the same, but thereafter wore a truss and continued to perform his work; that in 1937 he went to a hospital with the intention of having another operation for the relief of his hernia condition, but left the hospital without having anything done, went back to his work still wearing a truss, and that while lifting a quarter or half beef on the 25th day of August, 1938, the truss slipped and his intestines protruded through the opening which he had in the inguinal wall; that he then requested his employer to furnish him an operation, which the employer declined, and upon his discharge this proceeding was brought. Upon the basis of the evidence above narrated the Industrial Commission found that the petitioner's disability was due to a recurrence of the hernia for which he had an operation in 1934, rather than to the alleged accident of August 25, 1938, and denied compensation.

The petitioner contends that his claim for compensation was based upon an aggravation of a pre-existing hernia and that the undisputed evidence entitled him to an award. We are unable to agree with this contention. There is abundant evidence in the record to sustain the finding as made by the Industrial Commission that petitioner's disability was entirely due to the original hernia and its recurrence in 1935 and the continuance of such disability thereafter. The question submitted to the commission was one of fact for its determination in the administration of relief under the Workmen's Compensation Act (O. S. 1931, § 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.). The commission has determined the question adversely to the contentions of the petitioner and in so doing is supported fully by the evidence shown in the record. Such being the case, this court will not disturb the order of the commission. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

Order sustained.

WELCH, V. C. J., and OSBORN, HURST, DAVISON, and DANNER, JJ., concur.