CRAWFORD v. MAGNOLIA
PETROLEUM CO. et al.

No. 29419. March 25, 1941.

Rehearing Denied April 15, 1941.

Application for Leave to File Second
Petition for Rehearing Denied
April 29, 1941.

*112 P. 2d 367.*

Claud Briggs, of Oklahoma City, for petitioner.

Blakeney, Wallace & Blakeney, of Oklahoma City, Walace Hawkins, of Dallas, Tex., and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is a proceeding brought by Albert Crawford, petitioner, to review an order denying an award against the Magnolia Petroleum Company, respondent.

On the 7th day of April, 1939, petitioner filed his first notice of injury and claim for compensation stating that while employed as a labor mechanic he strained or sprained his sacroilliac joints when his feet slipped while he was hitching and unhitching a pump on an oil and gas well. It is alleged that the accidental injury occurred December 13, 1937, in the oil field near Cement, Okla.

It appears that prior to the filing of this claim the petitioner had obtained an order on joint petition dated June 20, 1938, by reason of which he was paid $1,600 in addition to his temporary total disability and his medical bills for an accidental injury sustained September 26, 1937.

On May 29, 1939, notice of hearing having been given, a hearing was held, and thereafter further proceedings conducted, after which the State Industrial Commission entered its order of July 27, 1939, in which it found that if the petitioner sustained an accidental personal injury on December 13, 1937, he failed to file his claim within one year subsequent thereto and entered its order denying an award and dismissing the claim. Petitioner has commenced this proceeding to review the latter order.

The sole issue presented is whether the order denying the award is sustained by sufficient evidence. Under the provisions of section 13367, O. S. 1931, as amended, 85 Okla. St. Ann. § 43, it is necessary that the claim be filed within one year after the happening of the accidental injury or said claim is barred. McClenahan v. Oklahoma Ry. Co., 131 Okla. 73, 267 P. 657. Petitioner does not seriously contest this rule, but asserts that, since payments were made as late as April 20, 1938, for temporary total disability, the statute is tolled under the rule announced by this court in Continental Oil Co. v. Wilkerson, 164 Okla. 62, 22 P. 2d 1004, and related authorities wherein it is stated that voluntary payments of compensation subsequent to an injury and during the continuance of disability operate to extend the time for filing a claim with the State Industrial Commission and such claim may be filed at any time within one year after the discontinuance of such payments. Aside from the testimony of the petitioner himself there is no evidence in the record which would justify a finding by the State Industrial Commission that the employer knew or was advised of the injury of December 13, 1937. No claim was ever filed until after the order of June 20, 1938, which was made by consent of the parties upon joint petition. This order recites

that it is for the payment of an accidental injury and disability resulting therefrom of September 26, 1937. The petitioner testified that he did not know that the injury of December 13, 1937, occasioned any disability until after he had made his settlement with the respondent on June 20, 1938. It is improbable, therefore, that the respondent made voluntary payments for a disability it did not know existed.

We are convinced that there is no evidence in the record that would justify any finding other than that made by the State Industrial Commission.

The order denying the award is sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.