NICHOLS v. FARMERS TRADING ASS'N et al.

No. 30222. May 19, 1942.

Rehearing Denied June 16, 1942.

*126 P. 2d 703.*

Henry S. Johnston, of Perry, for petitioner.

Jas. C. Cheek and Alex Cheek, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is a proceeding brought by Milton Theodore Nichols, hereinafter called petitioner, to review an order denying him an award against the Farmers Trading Association, a corporation, and the New Amsterdam Casualty Company, its insurance carrier, hereinafter called respondents.

The petitioner alleged that he sustained an accidental injury on January 20, 1939, at 4 o'clock p.m., when he was carrying a load of cement in a wheelbarrow and pushing the wheelbarrow up a two-by-four walkway. He claimed to have sustained a back injury. Following several hearings conducted for the purpose of determining the claim of the petitioner an order was entered by Commissioner Wm. L. Fogg finding, in effect, that the evidence was insufficient to show that the petitioner sustained an accidental injury as alleged.

Petitioner has commenced this proceeding to review this final order and in five general propositions seeks to vacate the order and remand the cause for further hearing. It is not contested that the petitioner was working on the day that he claimed to have sustained his injury. He points to no definite time at which he sustained said injury. There was no stooping or sliding or falling that he points to in his testimony upon which he relies for the accidental injury.

The original proceeding was begun before Wm. L. Fogg, who thereafter conducted a further hearing. Subsequent to this time some testimony was taken before Commissioner Miller. Thereafter, the proceeding having been closed, the order denying the award was made by Commissioner Fogg under date of January 7, 1941. Petitioner takes the position that the order amounts to a decision in the nature of a demurrer to the evidence and that if there is any competent evidence in the record reasonably tending to support an award, if one had been made, it is the duty of this court to remand the cause, with directions to enter an award.

The duty of the State Industrial Commission is to conduct a full and complete hearing for all the parties concerned, 85 O. S. 1941 §§ 74 et seq., and at the conclusion of such hearing make or deny the award. Banning v. Peru-Laclede Syn., 179 Okla. 382, 65 P. 2d 976. Its findings of fact, if supported by any competent evidence, will not be disturbed on review. As stated in Pittsburgh Glass Co. v. Davison, 190 Okla. 228, 122 P. 2d 388, whether or not the disability is the result of the accidental injury and whether the same is temporary or permanent is a question of fact to be determined by said commission or a trial commissioner acting in an administrative capacity. We find competent evidence in the record reasonably tending to support the finding that the petitioner did not sustain an accidental injury from which any disability resulted.

Two other propositions shall be noted. It is claimed that Commissioner Miller having heard part of the proceedings, it was therefore necessary that he participate in and concur in the rulings and final order made by Commissioner Fogg. We find no irregularity in the final order under the provisions of 85 O. S. 1941 § 77, providing, in effect, that only the commissioners participating in the hearing shall make the order. No commissioner not participating in the hearing made or participated in making the order in the case at bar.

It is also argued that the commission failed to hear certain evidence respecting the failure to give the statutory written notice provided by 85 O. S. 1941 § 24. Under said section it is required that a statutory written notice be given to the employer within 30 days. It is also provided in said section that the failure to give the statutory written notice may be excused for certain reasons. The question of statutory written notice is not involved in the case at bar, and we find no prejudicial error in the ruling of the trial commissioner in that respect.

The order denying the award is sustained.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and RILEY and ARNOLD, JJ., absent.