CHAS. M. DUNNING CONSTRUCTION CO. et al. v. WILLIAMS et al.

No. 32079. Feb. 12, 1946.

Rehearing Denied April 2, 1946.

*167 P. 2d 371.*

Crouch, Rhodes & Crowe, of Oklahoma City, for petitioners.

Claud Briggs, of Oklahoma City, S. L. Simpkins, of Elk City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Chas. M. Dunning Construction Company, a corporation, and its insurance carrier, Liberty Mutual Insurance Company, as petitioners to review an award made to the respondent Roy Lee Williams.

On the 9th day of December, 1943, respondent filed his first notice of injury and claim for compensation, therein stating that in the spring of 1941 he sustained an accidental injury arising out of and in the course of his employment with the petitioner Chas. M. Dunning Construction Company when he fell from a sawhorse and sprained his ankle and wrenched his back. Following hearings the trial commissioner entered an order denying an award, and on appeal the State Industrial Commission entered an award for temporary disability.

Petitioners seek to review said award on three grounds. It is first argued that there is no jurisdiction in the State Industrial Commission to make the award for the reason that the claim was not filed within time.

The record discloses that on or about the 19th day of March, 1941, the respondent sustained an accidental injury when he fell from a sawhorse. He was sent to the company physician and immediately given medical attention. His foot was wrapped or taped and he went back to work without losing any time. In the afternoon he went to the foreman of the construction crew with which he was working and informed him of his injury, and he was given light work. He was kept on this work for approximately three weeks. Subsequent to this time he developed a soreness in his back. He states that his back never quit hurting him from the time he sustained the accidental injury. He states, however, that he did not suffer any disability causing him to quit work and was paid the sum of $10 for temporary disability for the accidental injury but paid the same back to the company for the reason that this was a mistake. Thereafter he sought medical attention from at least two physicians. Finally he was advised, after the expiration of one year from the date of the accident, by one of the physicians that in his opinion the disability to his back resulted from the accidental injury he had formerly sustained.

We have held that where an employer has neither paid compenation or wages in lieu of compensation nor furnished medical care or attention to an employee for an alleged injury and the employee has failed for more than a year to file notice or injury or claim for compensation, any claim for compensation thereafter made for such injury is barred under 85 O.S. 1941 § 43. Schuermann v. Hacker Mill & Elevator Co., 189 Okla. 43, 113 P. 2d 389; Sun Oil Co. v. Barkley 148 Okla. 208, 298 P. 280; Crawford v. Magnolia Pet. Co., 188 Okla. 655, 112 P. 2d 367.

Respondent also relies upon Swift & Co. v. State Industrial Commission, 161 Okla. 132, 17 P. 2d 435, and Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489. These cases are not applicable in the case at bar. In Bartlett-Collins v. Roach, supra, there was no disability at all until the discovery thereof, upon which discovery the claim was immediately filed. In Swift & Co. v. State Industrial Commission,

supra, the opinion is based upon the fact that the statute did not apply due to the facts and circumstances of that case. In the case at bar, from and after the time of the accidental injury respondent sought frequent medical care and attention.

The finding of the trial commissioner that the accidental injury occurred March 19, 1941, and approved by the State Industrial Commission on appeal, is not seriously contradicted by any competent evidence.

We are of the opinion, and hold, that the rule announced in McClenahan v. Oklahoma Railway Co., 131 Okla. 73, 267 P. 657, and Sun Oil Co. v. Barkley, supra, is applicable herein. In Sun Oil Co. v. Barkley, supra, a very similar fact situation relating to the development of a hernia was discussed and the rule that the claim was barred was applied. We therefore hold that the claim was not filed in time.

This disposition of the case renders unnecessary a discussion of the remaining proposition of the petitioners.

The cause is remanded to the State Industrial Commission with directions to dismiss the claim.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, and DAVISON, JJ., concur.