McDANIEL v. DOUGLAS AIRCRAFT CO., Inc., et al.

No. 33046.  March 16, 1948.

Rehearing Denied April 20, 1948.

*192 P. 2d 651.*

Earl Goad, of Oklahoma City, for petitioner.

Merton M. Bulla, Ralph J. May, and Homer Thompson, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J.  This is an original proceeding brought by Elvin McDaniel, hereinafter called claimant, to review an order denying an award against Douglas Aircraft Company, Inc., and Fidelity & Casualty Co., of N.Y., its insurance carrier.

On January 11, 1947, claimant filed first notice of injury and claim for compensation, stating that on or about January 25, 1945, an accident occurred while he was an employee of the Douglas Aircraft Company; that a sandblast hose burst while he was standing close by and that foreign matter was blown into his left eye resulting in industrial blindness in that eye. Following hearings before trial commission an order was made and thereafter adopted by the State Industrial Commission, which reads in part as follows:

"That the testimony introduced is insufficient to prove that the claimant sustained an accidental personal injury on or about January 25, 1945, as contemplated by the Workmen's Compen-

sation Law, and said claim is barred by the statute of limitations, and claimant's claim for compensation should be denied."

In petition for review claimant contends the order was contrary to the evidence; that he proved by undisputed testimony that he sustained an accidental personal injury, and that his claim was filed within one year after discovery of the injury and was not barred by the statute of limitations.

Claimant testified in substance as follows:

"That on or about January 25, 1945, he was employed by Respondent, Douglas Aircraft Company, that on or about that date he was standing close to a sand-blast machine, that the hose to this machine burst, and the pressure hit him on the left side of the face and left eye. That he within 20 minutes reported to the dispensary and the nurse there put some medicine in his eye, took a pair of tweezers and pulled something out of the eye, and put a patch over the eye, that he returned to work and before that shift was over one of his superiors, or foremen, noticed the patch over the eye and asked him what was wrong and he informed him about the hose bursting. That he worked the remainder of that shift and reported again that night to the dispensary and the nurse put some more medicine in the eye and that the following day the patch was taken off the eye. He further testified that the eye was red for two or three days and then apparently cleared up. That he continued to work for respondent until September, 1945, at which time the plant closed down, that after that he sold insurance, and in September, 1946, he first noticed that there was something abnormal about his left eye, and he at that time discovered that he was blind in the eye. That he later on consulted his attorney and claim was filed before the State Industrial Commission on January 11, 1947. The claimant further testified that this incident was the only time he had ever sustained an accident affecting his eyes or eye."

On cross-examination claimant stated that he was uncertain as to the exact date of the accident and admitted that it might have occurred in the early part of 1944.

A written report of a doctor, dated February 3, 1947, was introduced in evidence. The report reads:

"History:

"Claimant states that, the latter part of Jan. 1945, while working for the Douglas Air Craft Co., his left eye was injured by the bursting of a compressed air hose (300 lbs pressure) near the left side of his face, some foreign matter was removed from his eye the same day and that he had apparently recovered but in Sept. 1946, he suddenly discovered that he was blind in his left eye.

"Examination:

"Right eye normal. Left eye—vision light perception only. There is a marked detachment of the retina; especially in the lower half.

"Conclusion:

"It is my opinion that there was some injury to some of the underlying structures of the eye at the time of the accident which gradually caused his present condition. The fact that he had no subjective symptoms for a long time does not preclude this injury as a causative factor. His loss of vision will be permanent."

Respondent introduced in evidence a written report of a doctor who had made a pre-employment physical examination of the claimant. The report in reference to claimant's vision at the time states: Right eye 20-20, left 15-20.

Respondent introduced in evidence a written report of a doctor dated January 31, 1947, which states that claimant gave a history of a sand-blast hose bursting; that trash flew in his left eye; that he was treated at the dispensary for the injury, and that the accident occurred in January of 1945.

The report states as findings: that claimant's left eye shows an extensive retinal detachment and that vision is reduced to large objects. The report states, as conclusion, that claimant is industrially blind in the left eye, and that:

"The question in this case is whether or not the detachment occurred as a result of the injury he sustained in 1945 or is due to a more recent injury or some other cause."

Such was the question before the commission. The question of whether claimant's blindness was due to the accident or from other cause was a question of fact for the determination of the commission from the evidence before it.

It is noted that these reports of the physician who examined the claimant two years after the accident reflect practically the same history of the accident and the same physical findings. One states a conclusion that claimant's blindness resulted from the accident. The other in effect states that any conclusion to be drawn as to whether claimant's blindness resulted from the accident or was due to other causes would be speculative.

As was said in Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

And as noted in Hazel-Atlas Glass Co. et al. v. Greenwood et al., 178 Okla. 69, 61 P. 2d 639:

"In an action to review an award of the State Industrial Commission, this court will not review the evidence to determine the weight and value thereof on questions of fact."

The commission found the evidence unconvincing to its mind and insufficient to establish a causal connection between claimant's disability and the accident and denied the claim for compensation. We will not weigh the evidence and substitute our judgment for that of the commission. In this view a discussion of the issue of limitations is not required.

The order denying an award is sustained.

———

RILEY, J. (concurring specially). It is believed the State Industrial Commission was without jurisdiction in these proceedings because more than one year had elapsed before the claim was filed. The bar of the statute had set in.

Where an award is made for temporary or permanent disability under the law or for medical aid, or the like, the award is subject to being enlarged to compensate the entire disability.

As applied to industry, it should be known that no liability exists after one year. As applied to rights of the workman, it should be known that to preserve his rights, a claim must be filed within one year.

Having, on assignment, heretofore presented my views to the conference, they are as follows:

The right to claim compensation under provisions of Workmen's Compensation Act is barred unless compensation is claimed within one year after injury or within one year after date of last payment of remuneration in lieu of compensation. 85 O.S. 1941 §43.

The majority rule is that a claim for compensation may be filed within one year after discovery of disability resultant from accidental injury arising out of and in the course of hazardous employment. Kropp v. Parker, 8 Fed. Supp. 290. But there has been departure from the majority rule by legislative acts limiting the time for filing claims to "accident" in lieu of "injury"—Louisiana—Kropp v. Parker,

supra; Stolp v. Dept. of Labor & Industries (Wash.) 245 P. 20; Sandahl v. Dept. of Labor & Industries (Wash.) 16 P. 2d 623.

In the State of Washington the time for filing claim originally began to run "after the day upon which the injury occurred **or** the rights (compensation) accrued". By amendment, the alternative disjunctive phrase was eliminated and the courts then distinguished between "injuries" resultant from accidents and physical conditions subsequently manifested in disabilities. The right by statute granted was held to be limited to one year after the day upon which the **injury** occurred.

The date of disability resultant from an accidental injury is one thing, and discovery of the disability is quite another.

Elvin McDaniel, petitioner, denied compensation by the order of the State Industrial Commission herein reviewed, claimed compensation as against Douglas Aircraft Company and its insurance carrier on January 11, 1947. In his claim filed with the Industrial Commission, petitioner alleged the accidental injury out of which his disability developed occurred on or about January 25, 1945, when the hose of a sand blasting machine burst, causing a foreign substance to lodge in his left eye, resulting in the loss of the sight of that eye. However, petitioner, according to his testimony, was not aware of the loss of the sight of his eye until in September, 1946, more than a year after the date of the accidental injury.

On the date of the injury, petitioner was afforded first aid treatment by respondent employer; a particle was removed from his eye. No indication of permanent disability appears of record until in September, 1946.

The commission found that the evidence was insufficient to prove that petitioner sustained an accidental personal injury as contemplated by the Workmen's Compensation Law, and that petitioner's claim was barred.

Petitioner, on review, brings forth the testimony of Dr. Guthrie, a qualified expert who, without contradiction, states that in his opinion petitioner's disability, consisting of a total loss of vision in his left eye, is due to the accidental injury.

Respondent-employer contends the finding of fact by the State Industrial Commission that the evidence is insufficient to prove that petitioner sustained an accidental injury on January 25, 1945, as alleged, must be sustained because the commission, within its discretion, elected not to believe the testimony of the good doctor. We do not go that far, but prefer to decide the proceedings upon the statute of limitations.

The finding of fact by the State Industrial Commission is to be sustained only where there is some evidence reasonably tending to support the finding of fact. The text of the commission's order is negative. It is comparable to a "Scotch verdict" such as rendered by a jury against Aaron Burr at his trial before the third Chief Justice of the United States, sitting as a trial judge in the State of Virginia. That verdict was reformed by Marshall so as not to be based upon an insufficiency of evidence to reach a conclusion. "Not guilty" as a definite conclusion was written by the Chief Justice into the verdict.

The evidence is in fact quite sufficient to prove an accidental injury arising out of and in the course of petitioner's hazardous employment with respondent, Douglas Aircraft Company, January 25, 1945, because undisputed evidence, if not improbable, is worthy of belief. Under ordinary circumstances reasonable men should believe reasonable evidence of facts.

But whether the accidental injury sustained by petitioner on January 25, 1945, was such an accidental injury as

contemplated by the Workmen's Compensation Act, or whether, on the contrary, petitioner's claim was barred by the terms of the statutory law bestowing the privilege or right to claim compensation in lieu of such damages as might have been recovered had petitioner's right at common law not been curtailed and limited by the Workmen's Compensation Law, is the gravamen of the special proceedings presented by this review.

In Brown & Root, Inc., v. Dunkelberger, 196 Okla. 116, 162 P. 2d 1018, we held in such a proceeding " . . . the statute of limitations does not begin to run . . . until the disability arising from such accidental injury becomes apparent". Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489; Swift & Co. v. State Ind. Comm., 161 Okla. 132, 17 P. 2d 435; Pine v. State Ind. Comm., 148 Okla. 200, 298 P. 276; Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963; Oklahoma Furn. Mfg. Co. v. Nolen, 164 Okla. 213, 23 P. 2d 381.

Cases from foreign jurisdictions following the so-called majority rule are: Anderson v. Contract Trucking Co., 48 N.M. 158, 146 P. 2d 873; Williams v. Industrial Comm. of Utah, 81 P. 2d 649; Farmers Mutual Liability v. Chaplin (Ind.) 51 N.E. 2d 378; Esposito v. Marlin-Rockwell Corp., 96 Conn. 414, 114 Atl. 92; Stolp v. Dept. of Labor & Industries (Wash.) supra.

But, as indicated, decisions from foreign jurisdictions are not exact because based on opinions construing statutes divergent in terms employed.

Petitioner had right to file a claim upon the happening of the accidental injury. Pauly Jail Bldg. Co. v. Akin, 184 Okla. 249, 86 P. 2d 796. Whether the accidental injury resulted in disability, temporary or permanent, partial or total, so that compensation would be awarded, was a matter incident to the right that might have been preserved by the filing of a claim. If disability accrued so that compensa-

tion, however little, might be awarded, it was subject to enlargement on change of condition. 85 O.S. 1941 §28.

In Fee v. Dept. of Labor and Industries (Wash.) 275 P. 741 subsequent to amendment of the statute of limitations, a claim for loss of sight of a left eye was considered, by a claimant who failed to file a claim within the year by statute specified within which to file the claim. The court held that the limitation by the statute imposed did not mitigate against a workman who having suffered a compensable injury, in the hope of avoiding permanent injury, failed to claim for the lesser amount of compensation, under advice of physicians. But our statute of limitations contemplates and provides for the contingency mentioned, by a proviso that "claims may be filed at any time within one year from the date of the last payment of any compensation or remuneration paid in lieu of compensation."

In Amerada Petroleum Corp. v. Lovelace, 184 Okla. 140, 85 P. 2d 407, we held that medical services rendered by the employer and where payment had been made of compensation for temporary total disability, the employee had a year thereafter in which to file a claim for permanent partial disability under limitations of the statute, and while in Skelly Oil Co. v. Harrell, 187 Okla. 412, 103 P. 2d 88, and Oklahoma Furn. Mfg. Co. v. Nolen, supra, we said the limitation of the statute applied to the remedy and did not curtail the right by statute granted, we now think we were in error when we said that. For a claim not filed within one year from the date of an accident which causes a compensable injury, or a claim which is not filed within one year from the last payment of any compensation or remuneration paid in lieu of compensation, under the plain terms of the statute, is barred. Douthitt v. State Ind. Comm., 161 Okla. 79, 17 P. 2d 434.

It is quite true that the limitation of statute, supra, may be tolled, Inter-

national Supply Co. v. Morrell, 187 Okla. 346, 102 P. 2d 846; Smith v. State Ind. Comm., 182 Okla. 433, 78 P. 2d 288; Oklahoma Furn. Mfg. Co. v. Nolen, supra; Continental Oil Co. v. Wilkerson, 164 Okla. 62, 22 P. 2d 1004; Crawford v. Magnolia Petroleum Co., 188 Okla. 655, 112 P. 2d 367; but in view of the proviso and its specification of conditions for the tolling, we think the conditions within the proviso enumerated are very broad and exclusive.

An injured workman who is not remunerated in any way for his compensable injury, of which he has or should have knowledge, may not await the running of the statute of limitations and then be entitled to compensation. Chas. M. Dunning Const. Co. v. Williams, 196 Okla. 620, 167 P. 2d 371.

The Workmen's Compensation Law does not prevent an injured employee from filing a claim upon the date of an accidental injury to him, even though after the elapse of five days specified in section 13 (85 O.S. 1941) as a waiting period, no disability occurs. The jurisdiction of the commission to award compensation as may be subsequently justified by a disability is fixed by the filing of a claim. If no disability ensues, no award may be made. Swift & Co. v. State Ind. Comm., supra, holding that the limitations begins to run after discovery of the disability, is a departure from the prior rule. It is overruled.

In Pine v. Industrial Comm., supra, we held that where the employer paid wages in lieu of compensation for a known compensable accidental injury, a claim for the lesser amount need not be filed while the sum total of wages was being paid. The Legislature agreed with the judicial construction of the law and amended the statute of limitations to conform to the decision. As amended, the court should conform to the expressed legislative intent which, by terms employed in the proviso, affords a statute of limitations not unlimited.

Neither the employer, nor anyone in his behalf, in the case at bar, has done anything by which it may be said that limitations imposed by statute were extended. Neither compensation nor remuneration in lieu thereof was paid to petitioner by the employer, nor was medical attention afforded him after the administration of first aid treatment on the date of the accident in 1945. Since petitioner's claim was not filed within one year thereafter, petitioner's right to compensation is forever barred.