Paul T. **EBERSOLE**, Petitioner,

v.

**BECK MINING DIVISION, Inc., Tri-State Insurance Company, a corporation, and State Industrial Commission of the State of Oklahoma, Respondents.**

No. 36252.

Supreme Court of Oklahoma.

Oct. 19, 1954.

Rehearing Denied Nov. 9, 1954.

A. L. Commons, Miami, for petitioner.

J. A. Tillotson, Tulsa, Fenton & Fenton, Okla. City, Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.

Paul T. Ebersole, hereinafter referred to as claimant, filed his first notice of injury and claim for compensation stating that while employed by the Beck Mining Division, Inc., he sustained an accidental injury on May 21, 1953. Hearings were conducted to determine the cause and extent of disability, and the trial commissioner entered an award for total disability occasioned by hernias. This award was appealed to the Commission en banc and on a final determination an order denying the award was entered. This proceeding is brought to review the order denying the award.

The single issue presented is that there is no competent evidence reasonably tending to support the order denying the award. The evidence discloses that claimant had sustained left inguinal and right inguinal hernias. Claimant testified that on the 21st day of May, 1953, he was using a wrench tightening a nut on a connecting rod when he strained these hernias. One of these hernias had been repaired a number of years before the date of the alleged accident. Both hernias occurred between 1935 and 1942.

The medical expert witness for claimant stated there was no recurrence of either hernia by reason of the accidental injury, but that in his opinion there had been an aggravation of both hernias due to the accidental injury, and that claimant is unable to perform ordinary manual labor due to his physical condition. The medical evidence further discloses that claimant was suffering from other disabilities including a heart ailment. There was no showing that these additional disabilities were due to the accidental injury.

Claimant contends that the State Industrial Commission cannot ignore the positive

testimony of the only medical expert witness. Similar questions were considered by this court in McDaniel v. Douglas Aircraft Co. Inc., 200 Okl. 221, 192 P.2d 651, Nichols v. Farmers Trading Ass'n, 191 Okl. 24, 126 P.2d 703, and Beu v. M. & P. Stores, Inc., 187 Okl. 465, 103 P.2d 505.

■■ In McDaniel v. Douglas Aircraft Co. Inc., supra [200 Okl. 221, 192 P.2d 653], it is stated:

"As was said in Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847; 'The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser.'

"And as noted in Hazel-Atlas Glass Co. v. Greenwood, 178 Okl. 69, 61 P.2d 639, 640: 'In an action to review an award of the State Industrial Commission, this court will not review the evidence to determine the weight and value thereof on questions of fact.'

"The Commission found the evidence unconvincing to its mind and insufficient to establish a causal connection between claimant's disability and the accident and denied the claim for compensation. We will not weigh the evidence and substitute our judgment for that of the Commission. * * *"

This case was followed in Hattabaugh v. B. H. & W. Mining Co., 204 Okl. 464, 230 P.2d 923, wherein it was argued that the State Industrial Commission erred in sustaining a demurrer to the evidence.

■ In the case under consideration the hernias had existed for a number of years. No claim had ever before been made that they were the result of an accidental injury. Claimant sought to establish that he was totally and permanently disabled by reason of the hernias. Under 85 O.S.1951 § 22, no award can be entered for a hernia except an operation and 14 weeks unless claimant is totally and permanently disabled by reason of the hernia, unless the employer has refused an operation to correct the hernia or failed to tender an operation for which the employer is liable. Under the rule announced in the foregoing cases the evidence is sufficient to sustain the order denying the award.

Order sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.