**STATE HIGHWAY DEPARTMENT and State Insurance Fund, Petitioners,**

**v.**

**Wayne CROCKETT and State Industrial Court of the State of Oklahoma, Respondents.**

No. 41250.

Supreme Court of Oklahoma.

Sept. 21, 1965.

As Corrected April 4, 1966.

Rehearing Denied April 5, 1966.

Sam Hill, Guy A. Secor, Moraul Bosonetto, Oklahoma City, for petitioners.

Joseph E. Mountford, Miami, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

DAVISON, Justice.

This is an original proceeding by State Highway Department, employer, and its insurance carrier, State Insurance Fund, hereinafter referred to as petitioners, for review of an order of the State Industrial Court awarding compensation to Wayne Crockett, claimant.

The record discloses that on December 2, 1963, claimant filed his claim for compensation alleging that on June 27, 1962, he sustained an accidental injury arising out of and in the course of his employment which resulted in "heat exhaustion, strain, heart attack." Petitioners filed an answer, and later an amended answer, denying the alleged injury, denying proper notice of the alleged injury, that they were prejudiced by the failure of claimant to give said notice, and further, that the claim was barred by the statute of limitations because it had not been timely filed.

A trial judge entered an order finding: (1) that claimant had sustained an accidental injury to his heart on June 27, 1962,

arising out of and in the course of his employment with the above named employer; (2) "that claimant's claim herein was filed within one (1) year of payment of wages in lieu of compensation; therefore, claimant's claim for compensation is not barred by the statute of limitations;" and (3) that claimant was permanently and totally disabled for the performance of ordinary manual labor as a result of said injury, and ordered petitioners to pay compensation to claimant as scheduled by law. The order was affirmed on appeal to the court en banc.

For vacation of the award to claimant, petitioners contend only that "claimant's claim was barred for the reason that he failed to file same within one year in accordance with Title 85 O.S., Sec. 43."

85 O.S.1961, § 43, provides in part as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

Claimant's testimony was the only lay testimony presented. He testified that on June 27, 1962, he was employed by employer as an inspector to insure that highway construction conform with specifications; that in testing concrete for the required strength it was necessary to pour fresh mortar into containers and let it harden overnight at which time the "set" concrete was removed and conveyed to the laboratory for tests; that each of the finished products, referred to as beams, weighed approximately eighty pounds. Claimant testified that on the above date at approximately 2:00 p. m. he had to carry some of the beams from a ditch beside the highway up a slope, which was some six or eight feet high, and load them into a pickup to be transported to the laboratory; that the day was very hot and as he was carrying one of the beams up the slope he had pains in his chest and arm and immediately started vomiting; that a fellow employee came by, saw he was sick and went and told claimant's supervisor, Mr. Drake, that claimant was ill; that Drake came to claimant and asked him if he was sick; that claimant told Drake he was sick, that he told him what he "thought had happened, loading the beams," "that I was a-loading the beams, and took sick;" that Drake asked claimant if he wanted to go to a doctor and if he wanted a few days off; that he told Drake he thought he could make it until the weekend "then I'd see one;" that he finished that day at work and two days later went to a Dr. W who gave him prescriptions for medicine and he returned to work; that Drake inquired of claimant as to what he had found out from the doctor and that he told Drake the doctor said "it was heat exhaustion" "heat exertion." Claimant testified further that he continued to be sick and continued to see the doctor and that Drake would ask him how he was feeling; that he continued to work until October 15, 1962, when he became so ill he had to go to Dr. H who put him in the hospital; that Drake came to the hospital to see claimant and that Dr. H told Drake that claimant had had a heart attack and would be off work "for awhile;" that he was off work until March of 1963 and drew his regular wages for that period of time.

Claimant testified he returned to work for employer in the same capacity in March of 1963 and worked until August of 1963 when he took two weeks military leave to attend a National Guard encampment, as a cook supervisor, as he had done the prior year, and he was paid his wages during that time; that when he returned from this service, he had a new supervisor by the name of Matthews; that Matthews knew of claimant's heart condition and advised claimant at that time "to take three weeks of compensatory time;" that at the end of

that three weeks, he again went to the doctor and was again hospitalized and continued to receive his regular wages all during this time and up until October 21, 1963. Claimant also testified that normally the cement beams were poured on the shoulders of the road but on this particular project there were no shoulders and the beams had to be made down in the ditch, therefore the carrying of the beams as in this instance was very unusual for him.

Petitioners offered no testimony or other evidence to refute claimant's testimony. Mr. Drake was present at the hearing but was not called as a witness to contradict the testimony.

The record further reveals that on September 27, 1963, Supervisor Matthews mailed to claimant the proper forms necessary for claimant to file with the Industrial Court to claim compensation benefits.

Dr. C. testified for claimant by written report. He stated that it was his opinion that claimant had sustained "a small posterior myocardial infarction occurring on or about June 27, 1962, precipitated by his occupation" and that as a result of said accident, claimant was permanently and totally disabled for the performance of ordinary manual labor.

Dr. Mc testified for petitioners by written report dated February 25, 1964, wherein he obtained a history from claimant as to what happened in "June of 1962," examined him and after conducting certain tests on claimant, stated "assuming the above patient did have some sort of a 'heart attack' according to the history, then complete healing has occurred * * *. It is my opinion that this patient now has twenty-five per cent disability, and that with gradual rehabilitation and return to his former occupation that he should not have any disability at the end of three months."

The question of permanency and extent of the disability of the claimant has not been raised and the purpose of citing the testimony of the above named doctors is only for the purpose of giving the medical history of the case.

Claimant contends he received wages in lieu of compensation subsequent to his injury when he was paid his regular salary during the periods of time he was off work in 1962 and 1963. Petitioners argue there is no evidence that the salary paid claimant were disability payments because of his alleged accidental injury. The history of the case shows that the claimant was making $14.00 per day and was paid his full wages during the various times he was unable to work during the times he was shown to be in the hospital. It may be agreed that he was lulled into believing such payments were made in lieu of compensation.

■ The question of whether payments made by an employer to an injured employee, subsequent to the injury, are made as wages or compensation, under the Compensation Act, is, as a general rule, one to be determined by the State Industrial Court and this court will not disturb its findings thereon, on petition to review, where there is any competent evidence reasonably tending to sustain the same. Oklahoma Natural Gas Co. v. White, 187 Okl. 627, 105 P.2d 225; Douthitt v. State Industrial Commission, 161 Okl. 79, 17 P.2d 434.

The trial tribunal, in the instant case, determined this question in favor of the claimant and against petitioners. It appears there is competent evidence to support such determination.

Employer had notice of claimant's accidental injury of June 27, 1962, when claimant told Drake, his supervisor, about loading the beams and becoming ill. Employer acknowledged this when Drake asked claimant if he wanted to go to a doctor and if he also wanted to take a few days off. Employer knew of claimant's worsening condition on October 15, 1962, when claimant went to the hospital and Drake was informed by Dr. H that claimant might not survive another heart attack. Employer then paid claimant his regular salary from that time until in March of 1963 when claimant was able to return to work. Then on or about September 1, 1963, claimant was advised by employer to take three

weeks of compensatory time from his work. Employer paid claimant his regular salary for this three weeks "compensatory time." Employer, on September 27, 1963, sent claimant the proper forms necessary to file a claim for further compensation and it kept paying his wages until October 21, 1963, when it stopped payments. Claimant then filed his claim on December 2, 1963, some forty days after employer's last payment of his wages to him.

We hold there is ample evidence to support the finding of the State Industrial Court that employer paid claimant wages in lieu of compensation for his injury on June 27, 1962, and that claimant filed his claim within one (1) year from the date of the last payment of the same.

The award is sustained.